UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE FOTINOS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BETH LABSON-FREEMAN, et al.,<br><br>    Defendants. | Case No. 13-cv-04463-TEH<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

This matter is before the Court on Defendants' motion to dismiss, filed on November 26, 2013. On December 19, 2013, the Court allowed Plaintiffs' late-filed opposition to Defendants' motion and ordered Defendants to file a reply on or before January 10, 2014. The Court further vacated the hearing and provided that after the reply deadline the matter would be taken under submission without oral argument, pursuant to Civil Local Rule 7-1(b).

On January 21, 2014, Plaintiffs filed an ex parte application for leave to file a sur-rebuttal to Defendants' reply and attached the proposed sur-rebuttal as an exhibit to their request. Defendants opposed Plaintiffs' request the following day. Plaintiffs request leave to address a case they previously overlooked and to submit newly discovered evidence. Although the Court doubts whether Plaintiffs' submission is proper, it has considered the arguments in Plaintiffs' proposed sur-rebuttal in an abundance of caution and finds that no response by Defendants is necessary. Having carefully considered all of the parties' arguments, the Court now GRANTS Defendants' motion to dismiss for the reasons set forth below.

**BACKGROUND**

Plaintiffs Michele Fotinos ("Fotinos") and Patricia Barry ("Barry") are litigant and attorney, respectively, in several lawsuits in the Superior Court of California, County of

San Mateo. In their First Amended Complaint ("FAC"), Plaintiffs allege that three San Mateo Superior Court judges – Defendants Beth Labson-Freeman ("Judge Labson-Freeman"), Jonathan Karesh ("Judge Karesh"), and Robert Foiles[1] ("Judge Foiles") (collectively, "Defendants") – violated their rights to free speech, equal protection, and due process by declaring them vexatious litigants under California's Vexatious Litigant ("VL") statute, California Civil Procedure Code § 391.

California's VL statute was adopted to ease the burden on the courts caused by meritless litigation. *Wolfgram v. Wells Fargo Bank*, 53 Cal. App. 4th 43, 61 (1997). The statute permits a judge to enter an order prohibiting a vexatious litigant from filing any new pro se litigation without permission of the presiding judge of court. Cal. Civ. Proc. Code § 391.7(a).

On November 9, 2012, Judge Karesh declared Plaintiffs VLs, based on a motion by opposing counsel in a conservatorship dispute involving Fotinos. FAC ¶ 17; Original Complaint ("Compl."), Ex. A.[2] In support of his decision, Judge Karesh cited the fact that Fotinos, acting in propria persona, had filed seven unmeritorious pleadings in five separate matters relating to the conservatorship. Compl., Ex. A. In addition, Judge Karesh said he had heard evidence that Barry had been guiding and facilitating these filings by Fotinos. *Id.* Thus, he ordered that Fotinos be subject to a prefiling requirement in connection with any petition, application, or motion other than a discovery motion, and that Barry be subject to a prefiling requirement in connection with any similar filings made on behalf of Fotinos. *Id.* Judge Labson-Freeman, the presiding judge at the time, signed the VL prefiling order on November 16, 2012. FAC ¶¶ 17, 18; Compl., Ex. B. Judge Foiles

---

[1] In their opposition brief to Defendants' motion to dismiss, Plaintiffs abandoned all claims against Judge Clifford Cretan. Pls.' Opp'n at 1. The Court therefore dismisses him from this suit. Plaintiffs' second cause of action, named the "Third Cause of Action" in their complaint, is only against Judge Cretan. As he is no longer a defendant in this suit, the "Third Cause of Action" is dismissed. Accordingly, only one cause of action, named the "Second Cause of Action" in Plaintiffs' complaint, remains.

[2] Although the FAC refers to exhibits, there were no exhibits attached to the FAC itself. The Court presumes the exhibits are the same as those attached to Plaintiffs' original complaint.

became the presiding judge in January 2013, and thereafter all prefiling requests were handled by him. FAC ¶ 17.

Plaintiffs seek a declaratory judgment that the VL and prefiling orders against them, that were drafted, signed, and enforced by Judges Labson-Freeman, Karesh, and Foiles, are unconstitutional based on the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and that the orders constitute retaliation in violation of Plaintiffs' First Amendment rights to free speech. FAC ¶ 307. Specifically, they argue that only unrepresented litigants may be declared VLs, and Fotinos was not acting in propria person at the time the orders issued, but was actually represented by Barry. Therefore, the orders were issued in violation of the constitution and are void. FAC ¶ 304. Plaintiffs also claim that the orders are void because Judge Labson-Freeman was involved in their drafting even though she had previously been disqualified from the conservatorship case. FAC ¶¶ 43, 48.[3]

Defendants move to dismiss for lack of subject matter jurisdiction, arguing that under two separate doctrines of abstention, the Court is precluded from hearing this suit, and that they are immune from suit by operation of the Eleventh Amendment and by the doctrine of absolute judicial immunity. Defendants also argue that Plaintiffs fail to state a claim against them under 42 U.S.C. § 1983.

**LEGAL STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal for lack of subject matter jurisdiction. Defendants here mount a "facial" challenge to Plaintiffs' subject matter jurisdiction, meaning that the allegations contained in the complaint, taken as true, are insufficient on their face to invoke federal jurisdiction. *Safe*

---

[3] Although Plaintiffs allege in the factual background of their complaint that they are suing President Barack Obama because his nomination of Judge Labson-Freeman to the federal bench breached an "implied fiduciary duty owed to the American people to nominate judges who are ethical," FAC ¶ 7, he is not named as a defendant in any of the complaint's actual causes of action.

3

1  *Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

2      Federal Rule of Civil Procedure 12(b)(6) governs dismissal of a complaint for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, a court must "accept as true all well-pleaded factual allegations in the complaint" and construe the complaint "in the light most favorable to the plaintiff[]." *Schlegel v. Wells Fargo Bank NA*, 720 F. 3d 1204, 1207 (9th Cir. 2013) (quotation marks omitted). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

    Defendants move to dismiss on the grounds that the Court is barred from ruling on Plaintiffs' complaint based on the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine prohibits federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). In *Noel v. Hall*, the Ninth Circuit explained that *Rooker-Feldman* bars subject matter jurisdiction in federal district court, "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." 341 F.3d 1148, 1164 (9th Cir. 2003). "If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission *by an adverse party*, *Rooker-Feldman* does not bar jurisdiction." *Id.* (emphasis added).

    Here, Plaintiffs challenge the VL and prefiling orders issued against them in state court on the grounds that they were unconstitutionally imposed and therefore void. FAC ¶¶ 301-308. Although Plaintiffs' complaint is replete with references to other unrelated

4

1  acts of alleged misconduct by Defendants, in their "Second Cause of Action" and "Prayer
2  for Relief," what they ultimately "seek [is] a declaratory judgment that Defendants . . .
3  violated their rights . . . when they drafted and signed the VL order."  FAC ¶ 307.  Thus
4  Plaintiffs' complaint before the federal court essentially requests a review of the propriety
5  of the state court decision declaring them VLs.  This, according to *Rooker-Feldman*, the
6  Court cannot do.

7      Plaintiffs argue that because the conservatorship case would not be impacted by a
8  ruling by the Court, that there is no state court proceeding affected by any action the Court
9  takes in this case, and therefore *Rooker-Feldman* does not apply.  Pls.' Opp'n at 11.  That
10 the underlying conservatorship case would not be impacted by the Court's ruling is of no
11 moment.  The VL orders themselves constitute a state court decision.  *Cf. Wolfe v.
12 Strankman*, 392 F.3d 358, 363 (9th Cir. 2004) (finding that the lack of a VL order in effect
13 meant there was no state court decision that would trigger the application of *Rooker-
14 Feldman*); *see also Bashkin v. Hickman*, 411 Fed. Appx. 998 (9th Cir. 2011) (construing
15 plaintiff's challenge to a California VL order as a request to review a state court decision
16 and affirming dismissal pursuant to *Rooker-Feldman*).[4]

17     Plaintiffs also contend that the VL order is unconstitutional and therefore "void,"
18 and that void orders may be challenged in any court.  Pls.' Opp'n at 165-17.  That
19 argument, however, is circular: for the Court to find the order unconstitutional and
20 therefore void, it would need to have subject matter jurisdiction to review the order first.
21 *See Rooker*, 263 U.S. at 415-16 ("If the [state court] decision was wrong, that did not make

---

[4] In *Bashkin*, the Ninth Circuit in an unpublished decision upheld a dismissal based on *Rooker-Feldman* on nearly identical facts.  There, the plaintiff brought an action in federal district court under 42 U.S.C. § 1983, challenging a state court decision declaring him a vexatious litigant.  The district court for the Southern District of California dismissed citing *Rooker-Feldman*.  The Ninth Circuit affirmed, stating: "The district court properly concluded that the *Rooker-Feldman* doctrine barred Bashkin's action to the extent that he challenged the vexatious litigant order and any other state court orders and judgments, because the action is a 'forbidden de facto appeal' of state court judgments, and raises constitutional claims that are 'inextricably intertwined' with those prior state court judgments."  411 F. App'x at 999 (quoting *Noel*, 341 F.3d at 1158).  The Court, while not bound by *Bashkin*, finds its reasoning persuasive.

the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding . . . . Under the legislation of Congress, no court of the United States other than [the Supreme C]ourt could entertain a proceeding to reverse or modify the judgment for errors of that character."). Applying the *Rooker-Feldman* doctrine to Plaintiffs' complaint, the Court finds that "adjudication of the federal claims would undercut [a] state ruling," therefore, "the federal complaint must be dismissed for lack of subject matter jurisdiction." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

In the alternative, Plaintiffs' complaint must also be dismissed due to Defendants' judicial immunity. "It is well settled that judges are generally immune from civil liability under section 1983" for acts relating to the judicial process. *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)); *cf. Soliz v. Williams*, 74 Cal. App. 4th 577, 585 (1999) (holding that it is well established in California state courts that "judges are granted immunity from civil suit in the exercise of their judicial functions").

Whether an act is judicial depends on whether the act is a function normally performed by a judge, and whether, in the expectation of the parties, they interacted with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Accordingly, two recognized exceptions to the grant of absolute judicial immunity are for "non-judicial actions, i.e., actions not taken in the judge's judicial capacity," and for "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citations omitted).

Here Plaintiffs' sole claim concerns the entry and enforcement of state court orders declaring them vexatious litigants. The issuing of court orders is a core judicial function. Also, the orders were issued when Plaintiffs were interacting with the Defendant judges in their judicial capacity. Although Plaintiffs style their complaint as against the Defendants in their "judicial/individual capacity[ies]" – the act complained of fits squarely within the Defendants' duties as judges and there is nothing alleged to support a claim against Defendants in their individual capacities. Because Plaintiffs' sole cause of action relates to

1 acts taken by Defendants in their judicial capacity, Defendants are immune from suit.

2 In sum, due to the limitations imposed by *Rooker-Feldman*, the Court lacks subject matter jurisdiction to review Plaintiffs' claims.  In addition, Defendants are immune from suit, as the orders complained of were entered by Defendants in their judicial capacity.  Because Plaintiffs' complaint must be dismissed on these grounds, the Court declines to address Defendants' additional arguments for dismissal.  Accordingly, Plaintiffs' complaint is dismissed.  As no additional facts could possibly cure the deficiencies in Plaintiffs' complaint, the dismissal is with prejudice.

**CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss is GRANTED and the dismissal is with prejudice.  The Clerk shall enter judgment and close the case.

**IT IS SO ORDERED.**

Dated:   1/22/14                    _____
                                    THELTON E. HENDERSON
                                    United States District Judge