UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHELE FOTINOS, et al.,

    Plaintiffs,

v.

BETH LABSON-FREEMAN, et al.,

    Defendants.

Case No. 13-cv-04463-TEH

**ORDER DENYING PLAINTIFFS' APPLICATION TO SET ASIDE THE COURT'S JANUARY 23, 2014 JUDGMENT**

    The Court is in receipt of Plaintiffs' Ex Parte Application to Vacate and Set Aside Judgment, filed on February 24, 2014. In their application, Plaintiffs assert that in its January 22, 2014 order granting Defendants' motion to dismiss, the Court failed to consider Plaintiffs' First Cause of Action against President Barack Obama for his alleged breach of his "fiduciary duty to the American people in nominating [Defendant Beth Labson-]Freeman, pursuant to Article II, Section 2, Clause 2 of the U.S. Constitution." First Amended Complaint ("FAC") at 63.

    The Court agrees that its January 22, 2014 order of dismissal did not address this cause of action, which seeks declaratory relief that President Obama breached a fiduciary duty to the American people "to conduct a due diligence of the qualifications, ethics, and conduct of the proposed nominee" when he nominated Defendant Labson-Freeman to the federal bench. FAC ¶ 280. This claim must be dismissed, however, because Plaintiffs lack standing for the reasons discussed below.

    Federal courts are limited to only adjudicating controversies brought by those with standing to sue. *Flast v. Cohen*, 392 U.S. 83, 94-95 (1968); *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 220 (1974). Standing to sue comes from having a concrete injury, and therefore a sufficient stake in the controversy being presented. *Schlesinger*, 418 U.S. at 220-21. Here Plaintiffs do not allege that they have been personally injured in any way by President Obama's conduct; their only allegation is that

1 his nomination of Defendant Labson-Freeman is "not in the best interest of the American
2 people." FAC ¶¶ 7, 299.  It is long been held that "standing to sue may not be predicated
3 upon an interest . . . held in common by all members of the public."  *Schlesinger*, 418 U.S.
4 at 220.  Thus, Plaintiffs' alleged interest, shared by the "American people" at-large, does
5 not confer standing on Plaintiffs.  As a result, the Court cannot adjudicate Plaintiffs' cause
6 of action against President Obama.  This deficiency cannot be cured by amendment and
7 the claim must be dismissed with prejudice.

8 Accordingly, the Court hereby DENIES Plaintiffs' request to vacate and set aside
9 the judgment entered on January 23, 2014.

11 **IT IS SO ORDERED.**

13 Dated:   02/24/14                          _____
14                                                          THELTON E. HENDERSON
                                                             United States District Judge